UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| GENERAL GEORGE SMALLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV408-098 |
| | ) | |
| CHATHAM COUNTY POLICE DEPARTMENT, OFFICER HIERONYMUS, OFFICER SUSAN CHAPLIN, and CHRISTINE WILLIAMS, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

General Smalls filed this 42 U.S.C. § 1983 action on May 21, 2008, alleging that he is innocent of the crimes for which he was convicted and incarcerated. (Doc. 1 at 5.) On May 27, 2008, the Court granted Smalls leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. (Doc. 3.) The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. (Id.) Smalls has returned

the two forms; the case is therefore ready to proceed. (Docs. 4 & 5.)

Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321–71, to establish procedures to govern civil complaints filed in federal court by prisoners and other detainees. Among the PLRA's procedures is the requirement for this Court to conduct an early screening of any civil complaint in which a prisoner seeks redress from a government entity or official. See 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. Id. Therefore, the Court will examine plaintiff's complaint to determine whether he has stated a claim for relief under 42 U.S.C. § 1983.

Smalls, who is incarcerated in Johnson State Prison, alleges that he is "in prison for something [he] did not do." (Doc. 1 at 6.) Specifically, he states:

> On Marh [sic] 25, 1998, I was arrested at the Thunderbird Motel. I was with some friends on the night, who invited me to go with them to the Motel, with this woman. After we had been in the motel room, we had exchanged money for sex with this

2

woman, then it got late, I was left at the motel room with the woman[,] [and] both of us fell asleep waiting for my friends to come back and pick me up. I woke up and discovered that this woman had robbed me, I call[ed] the police, when the police arrived I told them that this woman had robbed me, and was trying to get away with my money. I was arrested and the police let this woman get away. I was given a lawyer and he did a[n] investigation to try[] to contact this woman, he later found out that the woman gave a false name, and a false address to the police, the victim in this case.

(Doc. 1 at 5.) In his requested relief, he states:

What I need the court to do for me is to look at this case. The victim "Christine Williams" who lied to police's officers about her name, and was never seen again. The police[] did not do a good investigati[on], [and] allowed this woman to get away with my money. The time I have been in prison is due to misconduct by the officers, I should be reimburse[d] for me being in prison for something I did not do.

(Id. at 6.)

At no point does Smalls provide the Court with any indication of the legal basis for his claim. He alleges, however, that he is innocent of the crimes for which he was convicted and seeks compensation from defendants for his wrongful conviction. A § 1983 claim that calls into question the validity of a plaintiff's conviction simply "does not accrue until the conviction or sentence has been invalidated." Heck v. Humphrey, 512 U.S. 477, 489 (1994). Analogizing to the common law tort of malicious

3

prosecution,[1] which historically required the plaintiff to allege and prove the termination of the prior criminal proceeding in his favor as an element of his claim, the Supreme Court held

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87. As Smalls has not alleged that his conviction has been set aside or invalidated, his claim should be dismissed.

Smalls may have intended to proceed under a theory of false arrest or false imprisonment. Assuming such a claim would not be Heck-barred, it would be time-barred, as he neglected to file his suit within two years after the accrual of his cause of action. It is well settled that a § 1983

---

[1] It is unlikely that Smalls could state a claim for malicious prosecution even had his conviction been overturned. Smalls appears to contend that the police officers negligently failed to perform an adequate investigation of the matter. (Doc. 1 at 5.) As the name "malicious prosecution" implies, a plaintiff must show malice on the part of the defendants or a purpose other than bringing a criminal to justice. Heck, 512 U.S. 477, 494 (Thomas, J., concurring). Mere negligence will not suffice to establish a malicious prosecution claim.

4

action arising in Georgia is barred if not commenced within two years after the cause of action accrues. Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986) ("the proper limitations period for all section 1983 claims in Georgia is the two- year period set forth in O.C.G.A. § 9-3-33 for personal injuries.").[2] In this circuit a § 1983 claim accrues when the "'facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996) (quoting Mullinax, 817 F.2d at 716). In determining precisely when a § 1983 claim accrues, the courts occasionally "must seek help from the common law . . . ." Whiting v. Traylor, 85 F.3d 581, 585 (11th Cir. 1996). A false arrest or imprisonment claim accrues before the termination of the criminal proceedings and is aimed at providing redress for injuries sustained between the time of the arrest and the issuance of legal process. Whiting, 85 F.3d at 585 n.8; Wallace v. Kato, 127 S. Ct. 1091, 1095 (2007) (torts of false imprisonment and arrest arise from "detention *without legal process*" and they "end[] once the victim

---

[2] § 9-3-33 provides, in relevant part, that "[a]ctions for injuries to the person shall be brought within two years after the right of action accrues . . . ."

becomes held *pursuant to such process.*"). Accordingly, Smalls' claim accrued, at the latest, prior to the time of his conviction, which occurred in either 1998 or 1999.[3] Applying the two-year statute of limitations, a claim of false arrest or imprisonment would clearly be subject to dismissal as time-barred.

Were the Court to find that Smalls raised a proper § 1983 claim, his complaint is still fatally flawed and subject to dismissal. Smalls names the Chatham County Police Department, Officers Hieronymus and Chaplin, and Christine Williams as defendants. (Doc. 1.) Each of the defendants should be dismissed.

The Chatham County Detention Center has no independent legal existence and therefore is not an entity that is subject to suit under § 1983. Miller v. Benton County Jail, 2006 WL 2711482, at *1 (W.D. Ark. Sept. 11, 2006) (county jail not a legal entity subject to suit); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail not a person or legal entity subject to suit); Agnew v. St. Joseph County Jail, 1996 WL

---

[3] As Smalls' period of incarceration commenced on January 6, 1999, the Court presumes that he was convicted either in late 1998 or early 1999. Ga. Dep't of Corr. Inmate Query, http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryForm.jsp (last visited June 11, 2008).

534928, at *1 (N.D. Ind. Aug. 14, 1996); see Lovelace v. DeKalb Cent. Prob., 144 F. App'x. 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit under § 1983). Therefore, the Chatham County Detention Center should be dismissed.

Officers Hieronymus and Chaplin are never mentioned in the body of the complaint. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this rule is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). As Smalls has not provided any detail regarding his claims against Hieronymus and Chaplin, he has failed to provide fair notice of the nature of his claim against these defendants, and they should therefore be dismissed.

Finally, there is nothing in the complaint providing any basis for a § 1983 claim against Christine Williams, "the victim in this case."[4] To prevail in a § 1983 action, a plaintiff must establish both a violation of a right

---

[4] Smalls may have had a state law claim against defendant Williams, but any such claim is clearly time-barred.

secured by the Constitution or laws of the United States and demonstrate that the alleged violation was committed by a person acting under color of state law. Bannun v. City of Ft. Lauderdale, 901 F.2d 989, 996-97 (11th Cir. 1990) Even if the facts alleged meet the elements of § 1983 claim, Williams was not a state actor or a private citizen acting under color of state law, so any claim against her should be dismissed. Polk County v. Dodson, 454 U.S. 312, 318 (1981).

For all of the reasons explained above, this case should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 16th day of June, 2008.

*/s/ JR Smitt*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA